UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 7:07-cr-23-GFVT-2

UNITED STATES OF AMERICA,                                                         PLAINTIFF,

V.        **MAGISTRATE JUDGE'S REPORT
          AND RECOMMENDATION**

MARTIN S. PEDRO,                                                                  DEFENDANT.

*** *** *** ***

Martin S. Pedro, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. [Record No. 303]. Having been fully briefed, this matter is now ripe for review. Consistent with local practice, the matter has been referred to the undersigned to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it is recommended that Pedro's motion be denied.

I. FACTUAL & PROCEDURAL HISTORY

A detailed account of the underlying facts of this case may be found in the opinion of the Sixth Circuit Court of Appeals which affirmed the trial court's conviction of the Defendant. [Record No. 291; United States v. Perry, 401 Fed.Appx. 56, 57-59 (6th Cir. 2010)[1]]. The relevant facts will be briefly discussed herein.

While incarcerated, Martin Pedro was involved in a prison fight with several fellow inmates and federal law enforcements officers John Bussey, Ed King, and Roger Jude. Pedro was

---

[1] The Sixth Circuit Court of Appeals consolidated Pedro's appeal with his co-defendant, Oceanus Perry's, issuing an order which addressed both of their arguments and affirmed both of their convictions and Perry's sentence. [Record No. 291].

1

captured by four (4) video cameras placed at different angles in the prison housing unit "taking a swing" at Officer Jude, physically beating Officer King, and kicking Officer Bussey twice in the head. [Record No. 291, at 2-4]. On October 18, 2007, he was charged by Indictment with one (1) count of forcibly assaulting federal law enforcement officers while the officers were engaged in the performance of their official duties, in violation of 18 U.S.C. §§ 111(a)(l) and (b). [Record No. 1]. Subsequently, on February 7, 2008, a federal grand jury issued a superseding indictment which included the theory of aiding and abetting, pursuant to 18 U.S.C. § 2, to the previously indicted forcible assault charge. [Record No. 96]. Following a five (5) day trial, a jury found Pedro guilty of the single charge against him, forcibly assaulting a federal corrections officer in violation of 18 U.S.C. §§ 111(a)(l) and (b) and 18 U.S.C. § 2. [Record Nos. 191-194; 199; 205]. The jury watched the entire incident as recorded by the prison video cameras. [Record No. 291, at 4]. Pedro was later sentenced to an above guideline range of 175 months imprisonment. [Record Nos. 262; 276, at 43].

Post trial, Pedro moved for a new trial and for acquittal on the grounds that Officer Jude committed perjury and that there was insufficient evidence on which to base his conviction. [Record Nos. 210; 213]. The district court denied both of these motions. [Record No. 253]. Thereafter, Pedro appealed his case to the Sixth Circuit Court of Appeals. [Record No. 268]. In his direct appeal, Pedro requested the Court of Appeals to either set aside his conviction and sentence or order a new trial in his case. In support, he argued (1) count one (1) of the superseding indictment was duplicitous, charging assault as well as aiding and abetting assault in a single count [Record 291, at 6]; (2) jury instructions did not obviate this duplicitous charge [Id. at 9]; (3) there was insufficient evidence to support his assault conviction [Id. at 15; (4) the district court erred when it denied his motions for a new trial and for acquittal based on the

2

alleged perjured testimony of Officer Jude at the grand jury proceeding [Id. at 16]; (5) the court erred in declining to give his requested instructions on self-defense and the defense of others in response to excessive force; and (6) the jury was not selected from a venire representing a fair cross-section of the community [Id.]. The Sixth Circuit affirmed Pedro's conviction on November 4, 2010, finding each of these arguments to be without merit. [Id. at 5].

Pedro now brings the instant motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 303]. Since his original filing, he has filed amendments to the pending motion twice. [Record No. 304; 309]. His original motion as read with these amendments presents a total of six (6) arguments as grounds for habeas relief. Five (5) of Pedro's claims allege unconstitutional, ineffective assistance of counsel:

(I)  Trial counsel was ineffective for failing to present a claim that the jury was not selected from a venire representing a fair cross-section of the community;

(II)  Trial counsel was ineffective for failing to object to duplicity in the indictment prior to trial, for not requesting a unanimity instruction at the charge conference and for not objecting to the district court's proposed general unanimity instruction;

(III)  Trial counsel was ineffective for failing to object to the governments' "pervasive misconduct" which allowed Pedro to stand trial on an indictment the prosecution knew was based partially on the perjured testimony of Officer Jude and Officer Bussey who testified at the grand jury and trial proceedings;

(IV)  Appellate counsel was ineffective for failing to argue on appeal that the government had committed misconduct by using allegedly perjured testimony of Officer Jude and Officer Bussey who testified at grand jury and trial proceedings to convict Pedro; and

(V)  Trial counsel and appellate counsel were ineffective for failing to challenge the "fundamental defects" in the second superseding indictment which only charged him with committing simple assault.

[Record Nos. 303; 304]. Pedro's final claim does not relate to the ineffective assistance of counsel:

3

> (VI) The superseding indictment and/or jury instruction only charged Pedro with simple assault and represents a fundamentally unfair charging instrument.

[Record No. 309].

The United States has responded, opposing Pedro's motion on several grounds. [Record No. 314]. The government first asserts that while not presented as ineffective assistance of counsel arguments at his direct appeal, the substantive arguments of grounds I through V were essentially addressed by the Sixth Circuit at that proceeding, and cannot be relitigated. [Record 314]. Alternatively, the government argues Pedro's ineffective assistance claims must fail because he has failed to establish that any prejudice to his defense resulted from the alleged errors. [Id. *citing* Strickland v. Washington, 466 U.S. 668 (1984)]. The government also argues that that Ground VI, which does not allege ineffective assistance of counsel, is simply without merit. Pedro has filed a reply challenging the government's response on grounds V and VI only. [Record No. 316].

## II. STANDARD OF REVIEW

To prevail upon his pending motion for habeas relief under 28 U.S.C. § 2255, Pedro must allege that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004); *see also* Moss v. United States, 323 F.3d 445, 454 (6th Cir.), cert. denied, 540 U.S. 879 (2003) He must sustain his allegations by a preponderance of the evidence. This being a *pro se* petition, the undersigned is mindful that it is held to a less stringent standard than those drafted by legal counsel. *See* Cruz v. Beto, 405 U.S. 319 (1972).

Pedro cannot utilize this § 2255 motion to re-litigate an issue that was raised and considered on appeal, absent highly exceptional circumstances, such as an intervening change in the law. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir. 1974), cert. denied, 423 U.S. 861 (1975); see also United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir. 1989). Nor may he use this § 2255 motion as a substitute for bringing a direct appeal. Reed v. Farley, 512 U.S. 339, 354 (1994). Federal prisoners seeking collateral review under § 2255 of an issue not previously raised on direct appeal must first show cause to excuse the failure to do so and actual prejudice resulting from the alleged violation. Id.

Importantly, this cause and prejudice showing is not a prerequisite for claims related to the ineffective assistance of counsel. In fact, ineffective assistance of counsel claims are not cognizable in a direct appeal because the record is generally inadequate to permit review. Massaro v. United States, 538 U.S. 500, 504-05 (2003); United States v. Combs, 369 F.3d 925, 940 (6th Cir. 2004); United States v. Brown, 332 F.3d 363, 368-69 (6th Cir. 2003). Such claims are properly reviewed in this § 2255 proceeding. Massaro, 538 U.S. at 504; Combs, 369 F.3d at 940; Brown, 332 F.3d at 369; see also Ciak v. United States, 59 F.3d 296, 303-04 (2nd Cir. 1995) (noting that it is not realistic to expect appellate counsel, who served as the defendant's trial counsel, to raise an ineffective assistance of counsel claim on direct appeal). Even so, Pedro "cannot use [this] § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." Lossia v. United States, No. 04-80422, 2010 U.S. Dist. LEXIS 107206, at *11-12 (E.D. Mich. July 1, 2010) (*citing* Clemons v. United States, No. 3:01-cv-496, 2005 U.S. Dist. LEXIS 42452, at *2 (E.D. Tenn. 2005) (*citing*, *see e.g.*, DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996)). His ineffective assistance of counsel claims are only properly addressed by this Court if the analysis on the ineffectiveness of

5

counsel claim is analytically distinct from that of the underlying issue previously decided on direct appeal. Hestle v. United States, 426 Fed. App'x 366, 367 (6th Cir. 2011) (distinguishing Clemons because it involved a sufficiency of evidence claim and holding that the petitioner's failure to persuade the court of his Batson[2] claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion because a finding of ineffective assistance could be consistent with the appellate court's holding on direct appeal.)

## INEFFECTIVE ASSISTANCE OF COUNSEL

The purpose of the Sixth Amendment's guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding against him. Strickland v. Washington, 466 U.S. 668, 692 1984). Any deficiencies in counsel's performance must be prejudicial to the defendant in order to constitute ineffective assistance. [Id.]. Accordingly, in order for Pedro to have his conviction overturned based upon his properly raised ineffective assistance of counsel claims, he must demonstrate two elements: (1) counsel's performance was so defective that he/she was not functioning as counsel as guaranteed under the Sixth Amendment; and, (2) prejudice resulted from the defective performance. Id. at 688.

Under this Strickland analysis, the performance inquiry focuses on whether counsel's assistance was reasonable considering the totality of the circumstances. [Id. at 688] The prejudice inquiry focuses on whether the defendant is able to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [Id. at 694.] A reasonable probability is a probability sufficient to undermine confidence in the outcome. [Id. at 692]. Hence, an error by counsel, even if professionally

---

[2] Batson v. Kentucky, 476 U.S. 79, 96-98 (1986), (establishing a three part test for determining whether a prosecutor's use of peremptory challenges to exclude members of a cognizable group violates the Equal Protection Clause).

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error did not affect the judgment. [Id. at 691.]

The Strickland test also applies to appellate counsel. Burger v. Kemp, 483 U.S. 776 (1987). While appellate counsel is not expected to raise every nonfrivilous issue on direct appeal, counsel is obligated to provide reasonable professional judgment in presenting the appeal. Evitts v. Lucey, 469 U.S. 387, 396-97(1985). As with ineffective assistance of trial counsel claims, a petitioner must demonstrate that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 696.

Significantly, both prongs of the test must be met for a finding of ineffective assistance, but courts are not required to conduct an analysis under both; the court need not address the question of competence if it is easier to dispose of the claim due to the lack of prejudice. Strickland, 466 U.S. at 697; Baze v. Parker, 371 F.3d 310, 321 (6th Cir. 2004). Also, the reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland. 466 U.S. at 690. "Defendants alleging the ineffective assistance of counsel bear 'a heavy burden of proof.'" Pough v. United States, 442 F.3d 959, 966 (6th Cir. 2006) (*citing* Whiting v Burt, 395 F.3d 602, 617 (6th Cir. 2005)).

### III. ANALYSIS

Here, five (5) of Pedro's claims allege ineffective assistance of trial and appellate counsel. The Court will limit its analysis on grounds I through V to those claims which are not brought under the guise of ineffective assistance of counsel. This means if the Sixth Circuit decided against Pedro on the underlying substantive issue presented in his pending claims, the

7

Court will only address the claims for which a finding of ineffective assistance would be consistent with the appellate court's holding on the underlying issue. In addition, as the government did not argue that ground VI was barred from review by procedural default, the Court will address this claim on the merits.

A. Ground I

In ground I, Pedro claims that counsel was ineffective for failing to argue the jury was not selected from a venire representing a fair cross-section of the community. This argument cannot be relitigated at this stage in the proceeding as it was decided on direct appeal and is now presented only under the guise of ineffective assistance of counsel.

Pedro's counsel argued the underlying issue, that Pedro's jury was not selected from a venire representing a fair cross-section of the community, on appeal.[3] The appellate court summarily rejected his argument. [Record 219, at 16]. In fact, the Sixth Circuit specifically found that the jury which convicted Pedro represented a fair cross-section of relevant community in which he was convicted. According to the appellate court, "although the panel of potential jurors was composed entirely of white persons, with the exception of one Hispanic, there was no showing that the representation of African Americans in venires from which juries are selected is not fair and reasonable in relation to their percentage in the community population." [Record No. 291, at 17].[4]

---

[3] Pedro concedes that "trial counsel raised a challenge to the jury composition prior to voir dire examination," but asserts that his counsel should have done more; namely, file a motion to stay the proceedings so that counsel could examine records related to venire composition. [Record No. 303, at 17].

[4] The Sixth Circuit even explained that Pedro's objection was flawed because it relied on statistics for the entire Eastern District of Kentucky:

> 28 U.S.C. § 1861…provides that litigants have the right to trial by a jury selected at random from a "fair cross section of the community in the *district or division* wherein the court convenes." 28 U.S.C. § 1861 (emphasis added). In statutory divisions containing more than one place of holding court (such as the Southern Division of the Eastern District of Kentucky), "division" means "such counties . . . surrounding the places where court is held as the district court plan shall determine." 28 U.S.C. § 1869(e)." In  The Eastern District has designated London as a place of holding court;

8

As outlined in detail above, counsel's failure to challenge the composition of Pedro's jury only rises to the level of ineffective assistance if there is a reasonable probability that the objection would have changed the result of his conviction. *See* Strickland 466 U.S. 668. As the Sixth Circuit found no error in the composition of Pedro's jury, an objection here would have been futile. Accordingly, a finding of ineffective assistance for failure to raise the issue would be wholly inconsistent with the appellate court's holding, and a review by this Court would constitute a relitigation of the issue. Pedro makes no claim that there has been a change in the law or any other highly unusual circumstance which would permit him to bring this claim again. Thus, ground I is not properly before this Court.

B. Ground II

In ground II, Pedro claims trial counsel was ineffective for failing to object to duplicity in the indictment prior to trial, for failing to request a unanimity instruction at the charge conference, and for failing to object to the district court's proposed general unanimity instruction. This claim is not barred from review due to relitigation concerns because Pedro explains he is not raising the duplicity argument in regards to the "aiding and abetting "language in the indictment as he did in his direct appeal. [Record No. 309, at 22].

Here, Pedro contends duplicity in the indictment affected his substantive rights because "it is impossible to tell for which assault the jury unanimously convicted."[5] [Record No. 303, at 22]. This argument is misguided. The Sixth Circuit has explained that, for purposes of 18 U.S.C. § 111, "a single act of assault against multiple officers constitutes one offense, and therefore does not implicate Sixth Amendment prohibitions on duplicity." United States v. Cooks, 455

---

therefore, the counties surrounding London as stated in E.D. Ky. L. Cr. R. 18.1(a)(3)(A) constitute the relevant community.
[Record 291, at 16.].

Fed. Appx. 584, 587 (6th Cir. 2012) (quoting United States v. Hood, 210 F.3d 660, 663 (6th Cir. 2000) (*citing* Ladner v. United States, 358 U.S. 169, 176 (1958) (holding that when a defendant fires a single shot at two federal officers there is a single assault.)))

Pedro's co-defendant, Oceanus Perry, presented this claim, absent the ineffective assistance of counsel element, in his direct appeal which was consolidated with Pedro's. The appellate court's holding here is instructive. The Sixth Circuit assumed the indictment was duplicitous in charging multiple assault offenses in count one to point out that no prejudice could have resulted from the alleged improper joinder:

> Perry asserts that there were multiple assaults charged in count one, making it impossible to determine for which the jury unanimously convicted and the court later sentenced. He asserts that some of the jurors could have made their decisions based on one of the multiple assaults, while others could have made their decision to convict based on another of the assaults, potentially resulting in a non-unanimous verdict…Assuming the indictment was duplicitous in charging multiple assault offenses in count one, Perry cannot demonstrate any prejudice from the improper joinder, or any risk that the jury was not unanimous in finding that he assaulted an officer…The government's election to charge only one instance of assault was *more favorable* to Perry than charging him with multiple counts of assault and putting him in jeopardy of multiple convictions for assault. It is puzzling why Perry would request that the government charge him with multiple counts of assault in light of the evidence presented at trial. Therefore, even if the indictment was duplicitous in charging Perry with more than one assault in count one, and the infirmity was not remedied by a jury instruction, Perry has failed to demonstrate any prejudice from the errors.

[Record No. 291, at 10-12]. In the following paragraph, the appellate court went on to note that "[t]here is no doubt that the jury, having watched the video, found Pedro responsible for directly assaulting at least two officers." [Id. at 9, n. 4].

In assessing Pedro's pending ineffective assistance of counsel claim, the Court asks whether trial counsel's failure to object to alleged duplicity in the indictment or to request a certain jury instruction on unanimity actually prejudiced Pedro. A reading of the Sixth Circuit's analysis on Perry's nearly identical claim eviscerates any suggestion that it did. Had trial counsel proceeded

10

as Pedro suggests, he could have been charged with *more* assaults. Counsel's performance here was more beneficial for Pedro and certainly not constitutionally ineffective as alleged in ground II. Accordingly, ground II provides no basis for habeas relief.

C. Grounds III and IV

In ground III, Pedro claims trial and appellate counsel provided ineffective assistance for failing to object to the governments' "pervasive misconduct" which allowed Pedro to stand trial on an indictment the prosecution knew was based partially on the perjured testimony of Officer Jude and Officer Bussey. [Record No. 303, at 27]. In ground IV, he claims appellate counsel provided ineffective assistance for failing to object on the same grounds. These arguments will be addressed together. Only the claims concerning Officer Bussey are properly reviewed by the Court as Pedro's claims concerning Officer Jude were presented on direct appeal and cannot be relitigated under the guise of ineffective assistance of counsel.

### The Alleged Perjury of Officer Jude

Pedro raised the alleged perjury of Officer Jude in two separate post-trial motions, as grounds for acquittal and for a new trial. [Record Nos. 210; 213; 219, at 16]. In these motions, Pedro took issue with Officer Jude's account of whether he saw Pedro swing at him while he was conducting a pat-down search on Pedro's fellow inmate and co-defendant, William Burrell. [Record No. 253, at 5]. Pedro specifically pointed out that during Officer Jude's Grand Jury testimony, which was read into the record at trial, he stated: "I proceeded with the pat search. At that time [Burrell] turned back around on me again, said, you need to keep your hands off me. The inmate to the right of me swung at me, and I grabbed Burrell and we wrestled to the floor ..." [Record No 234, at 218:19-20]. Jude later communicated this same statement in a written report of the incident to Captain Gourdouze. [Id. at 221:22]. But then, on direct examination at trial,

11

Officer Jude testified that he did not actually see Pedro swing at him. [6] [Id. at 179-80]. Pedro raises the same factual basis in his pending claim. [Record No. 303, at 28].

The district court denied these motions, specifically finding "Pedro's defense was not prejudiced by the discrepancy in Jude's testimony." [Record No. 253, at 5] According to the district court, "the evidence, in particular the video segment of the incident depicting Pedro's actions toward Correctional Officer Ed King, when viewed in a light most favorable to the Government, was sufficient for any rational trier of fact to find guilt beyond a reasonable doubt, despite the discrepancy in Jude's testimony." [Id. at 5]. On appeal, the Sixth Circuit reviewed the district court's denial of trial counsel's motions for acquittal *de novo*[7], assessing, again, whether a rational trier of fact would find guilt beyond a reasonable doubt in spite of the discrepancies in Officer Jude's testimony. The appellate court found "no error" in the district court's denial of this motion. [Record 219, at 16].

To assess Pedro's pending ineffective assistance claims, the Court must evaluate if there is a reasonable probability that counsel's failure to object to the "pervasive misconduct of the government which allowed Pedro to stand trial on an indictment the prosecution knew was based partially on the perjured testimony of Officer Jude" affected the outcome of the proceedings against him, namely, his conviction and the affirmation of his conviction on appeal. *See* Strickland 466 U.S. 668. Considering the district court's holding and the Sixth Circuit's de *novo* affirmation that a rational juror would have convicted Pedro regardless of the discrepancies in Officer Jude's testimony, it cannot reasonably be argued that such an objection at either proceeding would have changed the outcome against Pedro. A finding that Pedro's trial or appellate counsel provided ineffective assistance for failing to object to the alleged perjury of

---

[6] Jude later explained that his statement during the grand jury proceedings was based upon his viewing of the video, while his testimony at trial was based only upon his direct memory of the incident. [Record No. 234, at 235].
[7] *See* United States v. Matthews, 298 Fed. Appx, 460, 464 (6th Cir. 2008).

12

Officer Jude is, therefore, inconsistent with the holding by the Sixth Circuit. Accordingly, review by this Court would result in a relitigation of the underlying issue.[8] As Pedro does not claim that there was a change in the law or any other highly unusual circumstance which would permit him to bring this claim again, the claims related to the alleged perjury of Officer Jude are not properly reviewed by this Court.

The Alleged Perjury of Officer Bussey

In Pedro's properly pending Ground III and IV claims, he argues trial and appellate counsel failed to object to the governments' "pervasive misconduct" which allowed Pedro to stand trial on an indictment the prosecution knew was based partially on the perjured testimony of Officer Bussey. Pedro specifically explains, at the Grand Jury proceeding Officer Bussey testified that William Burrell, one of Pedro's co-defendants who also took part in the fight, "came off the wall a second time and just started 'swinging' at Officer Jude, 'attacking him.'" [Record No. 303, at 30]. But then, "throughout the government's entire direct examination of [Officer] Bussey, he never testified to any of this." [Id.]. Pedro contends, "[t]he video is crystal clear…Mr. Burrell never swung a single punch at anyone, let alone Officer Jude," and accordingly, Pedro's indictment was based on perjured testimony. [Id.]. In close, Pedro asserts that if counsel would have objected to this alleged misconduct, "maybe the proceedings would have ended differently." [Id. at 35].

Pedro, however, does not demonstrate anything beyond broad, uncertain conclusions. He presents no evidence that the prosecutor acted with any transgression, and he presents no evidence that his counsel provided ineffective assistance for failing to object to the alleged

---

[8] Even though the evidence was viewed in the light most favorable to the government when the court below analyzed Pedro's motion for acquittal, the analysis here is not distinct as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland. 466 U.S. at 690.

perjury of Officer Bussey. The jury actually heard three defense attorneys, including Pedro's, vigorously cross-examine and try to impeach Officer Bussey. [Record 234, 81-136]. In fact, they heard Pedro's attorney scrutinize the inconsistency of Officer Bussey's testimonies, accuse him of perjury and call him a liar. [Record No. 236, at 71-86]. There is valid argument that Pedro fails to even meet Strickland's deficiency prong. This analysis is unnecessary, however, as the argument clearly fails for lack of prejudice. As Pedro stated in his pending motion, the video is clear. The jury watched the video, which depicted the prison incident from four different angles. In fact, Pedro's attorney explained the video, "frame by frame," in his closing argument, imploring the jury to "watch closely" in an attempt to demonstrate that Pedro was innocent and that the witnesses against him had lied. [Record No. 236, at 72-76]. But still, the jury found him guilty. As noted by the Sixth Circuit, "there is no doubt that the jury, having watched the video, found Pedro responsible for directly assaulting at least two officers." [Record No. 291, at 9, n. 4]. The Court finds no indication that the conviction or appeal against Pedro would have turned out any differently had counsel performed the way Pedro envisions here. Accordingly, the Court finds Grounds III and IV as they relate to the alleged perjury of Officer Bussey provide no justification for habeas relief.

D. Grounds V and VI

In ground V, Pedro claims trial and appellate counsel provided ineffective assistance for failing to challenge "the 'fundamental defects' in the superseding indictment which only charged him with committing simple assault." [Record No. 304, at 2]. In ground VI, he argues that the superseding indictment and/or jury instruction only charged him with simple assault and represents a fundamentally unfair charging instrument. [Record 309, at 2]. Because these claims are inextricably related, they will be addressed together. Both arguments will be reviewed by the

Court, as Pedro did not raise the underlying issue of ground V below and because the government did not assert procedural default as to ground VI.

In support of both claims, Pedro cites count one of his superseding indictment and the general statute under which he was convicted, 18 U.S.C. § 111. He specifically maintains that count one of the superseding indictment should have contained the language "physical contact" or "intent to commit another felony." [Id. at 4]. According to Pedro, without this statutory language, he could only be convicted of simple assault and sentenced to simple assault, a maximum of one year in prison. [Record Nos. 304, at 4; 309, at 4].

This reading of 18 U.S.C. § 111, however, signals Pedro's clear misinterpretation of 18 U.S.C. §§ 111(a)(1) and (b), the precise statutory subsections under which he was convicted and sentenced. Count one of the second superseding indictment states:

> On or about September 17, 2007, in Martin County, in the Eastern District of Kentucky, William Lamar Burrell, Martin Pedro, and Oceanus Perry aided and abetted by one another, did forcibly assault, resist, oppose, impede, intimidate, and interfere with United States Penitentiary, Big Sandy, correctional officers John Bussey, Roger Jude, and Ed King, federal law enforcement officers, inflicting bodily injury upon the officers, while the officers were engaged in the performance of their official duties, all in violation of 18 U.S.C. §§ 111(a)(1) and (b) and 18 U.S.C. § 2.

[Record No. 96]. To support a conviction under 18 U.S.C. §§ 111(a)(1) and (b) it is not necessary to allege the language "physical contact" or "intent to commit another felony." United States v. Gagnon, 553 F.3d. 1021, 1024 (6th Cir. 2009). "Simple assaults' involve the commission of *any* of the prohibited actions listed in 18 U.S.C. §§ 111(a)(1) and (a)(2), while 'all other cases' [assault plus] covers the commissions of these same violations *plus* the intent to commit a felony or resulting physical contact from forcible (and thus intentional) actions." Gagnon, 553 F.3d at 1027. (emphasis on the original); *see also* 18 U.S.C. § 111(a). Here, the indictment clearly alleges that Pedro "did assault" and in doing so, "inflicted bodily harm" upon

15

the officers." [Record No. 96]. In view of this, Pedro is clearly in violation of assault *plus* a resulting forcible, physical contact, not just simple assault.

Nonetheless, because Pedro is also charged under 18 U.S.C. § 111(b), this distinction is of no consequence to his resulting conviction. 18 U.S.C. § 111(b) provides for a sentencing enhancement if bodily harm was inflicted, regardless of whether the conduct was simple assault or "assault plus" under § 111(a). 18 U.S.C. § 111. Specifically, under this subsection, "anyone who violates § 111 and…inflicts bodily injury is guilty of a felony punishable by up to twenty years in jail." Id. Again, here, the indictment plainly stated that Pedro "forcibly assaulted" and "inflicted bodily harm" upon the officers. For that reason, Pedro is plainly subject to the sentence enhancement under § 111(b). *See* Perry, 401 Fed.Appx. at 61-3 (6th Cir. 2010). Accordingly, the charge against Pedro is sufficient to support his conviction of 175 months. A challenge to the language of the indictment or jury instructions would have been in error.

In light of this analysis, Pedro's claim in Ground VI, that the second superseding indictment and/or jury instructions were vague and fundamentally deficient, is plainly without merit. Likewise, this analysis does away with both ineffective assistance claims Pedro has raised in ground V. As mentioned several times above, to assess these claims, the Court must now analyze whether there is a reasonable probability that the outcome of the proceedings against Pedro, at trial or on appeal, would have been different had counsel objected to the statutory language of the superseding indictment. As there was no error in the statutory language, any objection, at trial or on appeal, would have been unsuccessful. Accordingly, there is no basis to find ineffective assistance of counsel on ground V. Grounds V and VI provide no basis to grant habeas relief.

## IV. CONCLUSION

For the reasons set forth above, it is recommended that Pedro's Motion to Vacate, Set Aside, or Correct his Sentence [Record No. 303], as read with his two amendments to the pending motion [Record Nos. 304; 309] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation.  Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed November 29, 2012.



Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge