UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-CR-23-GFVT-EBA |
| | ) | No. 11-CV-7188-GFVT-EBA |
| v. | ) | |
| | ) | **ORDER** |
| MARTIN S. PEDRO, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court upon Martin Pedro's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] [R. 303.] Consistent with local practice, this matter was referred to Magistrate Judge Edward B. Atkins for review and preparation of a report and recommendation. Judge Atkins filed his Recommended Disposition (R&R) [R. 341], in which he recommends that Pedro's motion be denied because the record shows that Pedro is not entitled to relief. Pursuant to Fed. R. Civ. P. 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that does not identify specific issues

---

[1] Pedro also filed two amendments to his original petition in order to add more arguments. [R. 304, R. 309.] Because his original petition should be read with the two amendments, the Court will simply refer to "the petition" which includes the amendments as well.

from the R&R is not permitted because it renders the recommendations of the magistrate useless, duplicates the magistrate's efforts, and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Following entry of the R&R, Pedro raised several timely objections. [R. 344.] Although some of his objections do not meet the above criteria for specificity, the Court acknowledges its duty to review Pedro's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). When affording Pedro's objections a liberal construction, they trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the parties' arguments, relevant case law, and statutory authority, as well as applicable procedural rules. For the reasons that follow, Pedro's objections will be OVERRULED, and the Magistrate's Recommended Disposition will be adopted.

# I

Magistrate Atkins' R&R accurately sets out the factual and procedural background of the case and the applicable legal standards governing Pedro's claims. Except for what the Court supplements in its discussion below, the Court incorporates by reference the Magistrate's discussion of the factual record and procedural background. Martin Pedro is currently serving a 175-month sentence for forcibly assaulting a federal corrections officer in violation of 18 U.S.C. §§ 111(a)(1) and (b) and 18 U.S.C. § 2, while Pedro was incarcerated as an inmate. Following a five-day jury trial, the jury convicted Pedro of the forcible assault charge. After the district court denied his motion for a new trial, Pedro appealed to the Sixth Circuit Court of Appeals, which affirmed Pedro's conviction and found each of his charges of error on the part of the district court to be without merit. *United States v. Perry*, 401 F. App'x 56, 57-59 (6th Cir. 2010).

Pedro subsequently filed a § 2255 motion with this Court, in which he presents six grounds for habeas relief. Five of those claims allege ineffective assistance of counsel in violation of his Sixth Amendment rights. [R. 303, R. 304.] The sixth claim does not relate to his counsel's assistance but alleges that the superseding indictment and jury instructions incorrectly charged Pedro by not containing the language required to support his conviction and sentence. [R. 309 at 2-5.] Magistrate Judge Atkins analyzed and addressed each of Pedro's claims, applied the appropriate legal standards, and recommended that his petition be denied because he did not meet the requisite standard to obtain habeas relief. Specifically, Judge Atkins found that several of Pedro's claims were not sufficiently distinct from the underlying issues which the Sixth Circuit previously ruled on during direct appeal and that "review by this Court would constitute a relitigation of the issue." [R. 341 at 5-6, 8-9, 11-13.] Concerning Pedro's other claims, Judge Atkins found that Pedro did not demonstrate that his counsel's performance met the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), so as to demonstrate that prejudice resulted [*Id*. at 10-11, 13-14], and that Pedro's arguments concerning the statute under which he was charged are based on a misunderstanding of the statutory language. [*Id*. at 14-16.]

## II

### A

Pursuant to 28 U.S.C. § 2255, a prisoner in custody under sentence of a court can collaterally attack the sentence. In order to sustain a claim under 28 U.S.C. § 2255 a prisoner must show that:

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . .

28 U.S.C. § 2255(b).  In alleging a constitutional error, a movant must show that the error "had a substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  Such an error must be established beyond a preponderance of the evidence.  *See Pough*, 442 F.3d at 964.

Concerning Pedro's Sixth Amendment claims, the standard for evaluating claims of ineffective assistance of counsel, which the Magistrate Judge correctly articulated, is set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).  Therein, the Supreme Court stated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Unless a defendant makes both showings*, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687 (emphasis added).  In applying these two components, the Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and that the "court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenge might be considered effective trial strategy." *Id*.  at 689 (internal citation and quotation marks omitted).  Further, even if petitioner's counsel erred in some way, the petitioner has the additional burden of showing prejudice such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  These standards were correctly applied by the Magistrate Judge, and Pedro's so-called objections mainly reflect his disagreement with the Magistrate's conclusions.

**B**

Pedro's objections to the R&R mainly repeat his previous claims, both in his original petition and in the arguments made in his appeal to the Sixth Circuit.  In fact, concerning Pedro's first four claims, instead of even attempting to meet the standard for specific objections outlined above, he explicitly concedes that "[o]n grounds 1-4 Petitioner relies on previous arguments raised in his 2255 petition to the court," and presents no objection whatsoever to the Magistrate's findings on those four grounds.  Accordingly, because the Magistrate Judge's explanation and analysis of those claims was thorough and extensive, and Pedro has not presented any specific objection warranting *de novo* review, the Court need not further address Pedro's first four habeas claims.  Pedro does, however object to the Magistrate's findings concerning his fifth and sixth claims.  Pedro's fifth claim in his habeas petition asserts that his trial and appellate counsel were ineffective for failing to challenge the alleged defects in the second superseding indictment, which Pedro claims did not contain the language required by the 2008 amendments to 18 U.S.C. § 111(a) and (b).  [R. 304 at 2-7.]  Pedro's sixth claim is based on similar allegations concerning the language of the indictment and asserts that because neither the second superseding indictment nor the jury instructions contained the requisite statutory language, his resulting conviction and sentence violated his due process rights.  [R. 309 at 2-5.]  Although several of Pedro's objections related to these claims merely repeat arguments that have already been adequately addressed, in an abundance of caution and leniency, the Court has liberally construed his arguments as encompassing four related objections. *See Franklin*, 765 F.2d at 84-85.

**1**

Pedro's first and second objections are so closely intertwined the Court will address them together.  In particular, Pedro contends that in light of the 2008 amendments to § 111(a), both the

superseding indictment and the jury instructions were flawed because they failed to allege physical contact, the elements of "simple assault" which includes physical contact, or the intent to commit another felony; and that because they did not allege factual details concerning his physical contact with the victim, Pedro was improperly charged with felony assault.  [R. 344 at 2-5.]  Related to this argument, Pedro contends that the Magistrate's analysis was improperly based on the previous version of § 111(a) rather than the amended version of the statute.  [*Id.*]  As a separate but related objection, Pedro also contends that Judge Atkins improperly relied on the case *United States v. Gagnon*, 553 F.3d 1021 (6th Cir. 2009), when determining that the language in the second superseding indictment was sufficient because the court in *Gagnon* did not apply the amended version of the statute. [*Id.*]

 Pedro correctly points out that the most recent amendment to 18 U.S.C. § 111, effective as of January 7, 2008, would have applied to the charges in the second superseding indictment in Pedro's case.  Pedro is also correct that the court's analysis in *Gagnon* focused on the language in the previous version of § 111, but the *Gagnon* court specifically acknowledged that fact when explaining that the particular case before it did *not* involve the amended version of the statute and that the amended language would not change the outcome in that situation anyway.  *See Gagnon*, 553 F.3d at 1024-25, n. 2, n.3.  Pedro, however, misunderstands the language in both the previous and amended versions of the statute.

The amended version of 18 U.S.C. § 111(a) and (b), which applies to Pedro's case, reads as follows:

> **(a)** In general.--Whoever--
> **(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

**(2)** forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

**(b) Enhanced penalty.**--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111(a)-(b) (2008).  The language used in the previous version that was amended was in the last part of subsection (a), and reads as follows:

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, ***and in all other cases***, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a) (2002) (emphasis added).  The phrase "and in all other cases" is what the 2008 amended version more clearly defined.  The court in *Gagnon* explained that the phrase "all other cases" included "the commissions of these same violations plus the intent to commit a felony or resulting physical contact from forcible (and thus intentional) actions."  *Gagnon*, 553 F.3d at 1027.  The *Gagnon* court also explained that although the amended version spelled out this definition more clearly, it did not address the issue in that case, which was focused on "simple assault."  *Id*. at 1024, n. 2.

The Court acknowledges that in referencing *Gagnon*, the Magistrate Judge did not specifically discuss the distinction between the two versions of the statute, and that the Magistrate quoted the portion from *Gagnon* that addressed the phrase "all other cases," which arguably is not applicable to Pedro's case.  [R. 341 at 15.]  However, the Magistrate's conclusion

is still ultimately correct – i.e., that it is not necessary to include more specific language alleging "physical contact" in the indictment, particularly when the indictment clearly alleged that Pedro's assault "inflicted bodily harm" upon the officers.  Indeed, the language of the indictment specifically stated that Pedro "did forcibly assault resist, oppose, impede, intimidate, and interfere with [the officers] . . . inflicting bodily injury upon the officers, . . . "all in violation of 18 U.S.C. §§ 111(a)(1) *and* (b) and 18 U.S.C. § 2."  [R. 96 (emphasis added).]  As the Magistrate correctly pointed out, Pedro was also charged under subsection (b) which has not been amended recently, and which mandates an enhanced penalty for anyone who, while committing forcible assault, uses a dangerous weapon *or* inflicts bodily injury.  § 111(b).  The indictment clearly charges Pedro with forcibly assaulting and inflicting bodily injury on the officers, and the Sixth Circuit has already found that such actions were adequately proved at trial.  [R. 96.]  *Perry*, 401 F. App'x at 65.  There was also no need to include further details of the physical contact in the jury instructions because of the video recordings presented at trial of Pedro punching and kicking the officers, a point that will be further discussed below.  Thus, to the extent that the Magistrate may have erred in referencing the *Gagnon* case, or in using the phrase "all other cases," it was at the most harmless error because it makes no difference to the outcome of the Magistrate's analysis, the Magistrate's ultimate recommendation, or Pedro's sentence.

Indeed, because Pedro was also charged and convicted under subsection (b) – a conviction which the Sixth Circuit determined to have been sufficiently established by the evidence, Pedro's contention that the only adequate charge against him was for misdemeanor assault plainly fails.  *See id*.  Pedro offers no support for his contention that the amended version of the statute requires that the actual words "physical contact" be used in the indictment, particularly where the defendant is also charged with inflicting bodily injury in violation of

subsection (b).[2]  Although Pedro believes he was only charged with a misdemeanor under

subsection (a)(1), such a conclusion is negated by the fact that he was clearly charged and

sentenced under subsection (b) as well, which is much more serious than a misdemeanor.

Therefore, Pedro also has not shown that the lack of further language or detail concerning

"physical contact" resulted in any prejudice to him, since his sentence was ultimately driven by

the enhanced penalty for violations of subsection (b).  Consequently, because no prejudice

resulted from the language in the indictment, his habeas claims based on these grounds fail.  *See*

*Watson*, 165 F.3d at 488.

As for Pedro's contention that the jury instructions also lacked sufficient detail

concerning physical contact with the victim, the Sixth Circuit has found in similar cases that such

detail is unnecessary "where the evidence is both overwhelming and uncontroverted as to the

element requiring proof."  *United States v. Weekes*, 517 F. App'x 508, 512 (6th Cir. 2013)

(finding that although the jury instructions not include elements of physical contact sufficient to

support a conviction under 18 U.S.C. § 111(a)(1), such the error was harmless "where the entire

corpus of the trial consisted of uncontroverted witness testimony of a physical alteration").  The

element of "bodily injury" for subsection (b) of § 111 is even more serious than the lesser

element of mere "physical contact" in the amended version of subsection (a), s*ee* 18 U.S.C.

§ 111(a)-(b), and in Pedro's case, the Sixth Circuit found overwhelming evidence establishing

evidence of "bodily injury" for purposes of subsection (b) from the video tapes presented to the

---

[2] Moreover, Pedro was also charged under 18 U.S.C. § 2, under which criminal liability is identical for principals and for aiders and abettors, so whatever bodily injury his co-defendant Perry inflicted on the officers can be attributed to Pedro as well and vice versa.  In Pedro's appeal, the Sixth Circuit stated "[t]he evidence also supports a unanimous conclusion by the jury that Perry directly assaulted Officer Bussey by applying pressure to his throat, cutting off his air supply, and threatening to break his neck."  *Perry*, 401 F. App'x at 63.  Such evidence clearly establishes physical contact, and under 18 U.S.C. § 2, Pedro is responsible for that conduct as well.  *See id*. at 62.

9

jury, and from the testimony of the doctors. *Perry*, 401 F. App'x at 65. If sufficient proof exists of bodily injury to sustain a conviction under subsection (b), then surely the lesser element of "physical contact" is implied and even subsumed under the proof of bodily injury. Therefore, any potential error in the jury instructions or in the second superseding indictment is harmless.

Moreover, Pedro's underlying argument in his original petition is that his attorney was ineffective by failing to object to the language in the indictment. Because the language in the indictment is adequate, and because no prejudice resulted from that language, his attorney did not err because presenting any such objection to it would have been futile. Additionally, because Pedro was also charged and convicted under subsection (b) which mandated an enhanced sentence, Pedro cannot demonstrate a reasonable probability that apart from his counsel's alleged errors his resulting sentence would have been different. *See Strickland,* 446 U.S. at 694. Therefore, Pedro's objections to the Magistrate's analysis on this point are overruled.

## 2

Next,[3] and very closely related to his objections concerning the language of the indictment and the jury instructions, Pedro contends that no proof was presented to support the element of inflicting "serious bodily injury" on the officers.[4]  [R. 344 at 7-8.]  Pedro points out that the United States Sentencing Guidelines (USSG) define "bodily injury" as an injury that is "painful and obvious" or the "type for which medical attention ordinarily should be sought," but he argues that "there was no expert testimony to the severity of any of the injuries sustained by the officers." [*Id*. at 7.]  Pedro also points to the Inmate Injury Assessment and Follow-up forms

---

[3] The Court has grouped Pedro's objections into a different order than that set out in his brief in order to more effectively address them.

[4] Rather than a specific objection to the Magistrate's analysis, this appears to be a new argument, but because Pedro perhaps intends it to be a means of presenting new evidence, in that he also attached an exhibit of medical forms to his objection, the Court will briefly consider it here.

for Officers King, Jude, and Bussey, asserting that these forms are the only evidence of any injuries sustained by them, and arguing that they indicate the officers were not hospitalized, did not have surgery, and received only minor first aid.  [*Id.* at 8; R. 344-1.]  Therefore, Pedro contends that "serious bodily injury" was not sufficiently proven under the statute, resulting in an improper conviction and sentence.

Pedro's argument on this point clearly fails, however, largely because the Sixth Circuit has already ruled that the evidence submitted to the jury concerning the bodily injuries inflicted on the officers by the co-defendants in this case supports both Pedro's and Perry's convictions. *United States v. Perry*, 401 F. App'x 56, 62-63 (6th Cir. 2010).  In doing so, the Sixth Circuit explained and examined the language in § 111 and what the prosecution must prove to support a conviction under (b).  In its explanation, the Court emphasized the phrase "bodily injury" that triggers a violation of (b), and specifically found that "there was ample evidence of guilt.  The evidence included a video taken from multiple angles clearly showing Pedro punching and kicking the officers.  Further, the officers' injuries were sufficient to sustain the conviction." *Perry*, 401 F. App'x at 65.

Additionally, contrary to Pedro's assertion that no evidence of the officers' injury was presented other than the inmate injury forms, as the Sixth Circuit explicitly pointed out in the factual section of the opinion resolving Pedro's appeal, "Officers Bussey, King, and Jude, along with their examining physicians, testified at trial regarding the offers' injuries." *Perry*, 401 F. App'x at 59.  Evidence was presented of a variety of symptoms including "pain throughout [Bussey's] neck and back . . . , abrasions over his right eye and right elbow," "pain in [King's] nose, mouth, and the back of his head. . . bruising under his left eye, a hematoma on the back of his head just above his neck, a bloody nose, and a chipped tooth." *Id*.  Officer Jude "experienced

lingering pain in his left shoulder and neck, and had decreased range of motion and muscle

spasms." *Id.*   Along with the videos of the assault, which clearly showed both physical contact

and bodily injury, this evidence has already been determined by the Sixth Circuit to support

Pedro's conviction and sentence, and Pedro may not use objections to a Magistrate's R&R as a

means of re-litigating issues already resolved on direct appeal.[5] *Id.* at 65.

### 3

Finally, Pedro contends that because the indictment did not specifically allege physical

contact or intent to commit a felony, he could only have been convicted of the misdemeanor

offense of minor assault, and therefore his sentence is procedurally and substantively

unreasonable.  [R. 344 at 6-7, 8-11, 12.]  Based on this argument concerning the lack of proper

language in the indictment, Pedro contends that the district court misapplied the Guidelines,

improperly applied specific offense characteristics that resulted in raising his base offense level

too much, and also erred by sentencing him above the guideline range.  [*Id.*]  Once again, this is

not a specific objection to the Magistrate's report, but is a repetition of arguments Pedro made in

his appeal to the Sixth Circuit, albeit with perhaps a slightly different twist.

As noted above, Pedro has already appealed his conviction and sentence to the Sixth

Circuit, which found that his arguments "lack[ed] merit," *Perry*, 401 F. App'x at 59, and that the

district court did not err in calculating the sentencing guidelines.  *Id.* at 66.  The Sixth Circuit

affirmed his conviction and determined that the violation of § 111(b) was sufficiently established

---

[5] To the extent that Pedro bases this objection on the definition of bodily injury set forth in the Guidelines, the
definition that Pedro cites is in a commentary within the USSG which addresses enhancements and does not
necessarily have anything to do with the definition of "bodily injury" as used by the statute under which he was
charged.  In contrast, the Sixth Circuit referenced the appropriate statutory definition of "bodily injury" when
resolving Pedro's direct appeal, defining it as "1) a cut, abrasion, bruise, burn, or disfigurement; 2) physical pain; 3)
illness; 4) the impairment of the function of a bodily member, organ, or mental faculty; or 5) any other injury to the
body, no matter how temporary."  *Perry*, 401 F. App'x at 65 (citing 18 U.S.C. § 1365(h)(4)).

based on the evidence presented and the statutory definition of "bodily injury," in order to sustain his felony assault conviction. *Id.* at 65. Filing objections to a Magistrate Judge's R&R concerning a post-appeal habeas claim is not the appropriate means to challenge previous rulings by an appellate court during the petitioner's direct appeal. Even more importantly for the issue at hand, however, is that Pedro's challenge to his sentence does not constitute a specific objection to the Magistrate's report, warranting *de novo* review. Moreover, because this so-called "objection" is entirely based on Pedro's argument about the language of the indictment and the application of the amended version of § 111(a), which the Court has already addressed and determined to lack merit, his "objections" concerning his sentence are now moot.

### C

Finally, the Court also denies a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that the requirements to issue a COA are not satisfied and that the analysis set forth in the R&R and in this Order is not sufficiently debatable for a COA to issue.

### III

After reviewing *de novo* the entire record, including relevant case law and statutory authority, the Court concurs with Judge Atkins' analysis of Pedro's claims under § 2255. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Pedro's Objections to the Magistrate's Recommended Disposition [**R. 344**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 341**] is **ADOPTED** as and for the Opinion of this Court;

3. To the extent that Pedro requests a Certificate of Appealability, any Certificate of Appealability should be **DENIED** because Pedro has not met the appropriate standards;

4. Pedro's Petition and Motion to Vacate under 28 U.S.C. § 2255 [**R. 303**] and amendments [R. 304, R. 309] are **DISMISSED WITH PREJUDICE**; and

5. **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 30th day of September, 2015.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge