UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff/Respondent, | ) ) ) | Crim. No.: 7:07-cr-0023-GFVT-EBA-2
Related Civil No.: 7:11-cv-7188-GFVT-EBA |
| V. | ) ) | |
| MARTIN PEDRO, | ) ) | **MEMORANDUM OPINION
&** |
| Defendant/Petitioner. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Edward B. Atkins. [R. 405.] Mr. Pedro has filed a *pro se* motion for relief from this Court's denial of his habeas petition pursuant to Rule 60(b) as well as a *pro se* motion to file his Rule 60(b) motion out of time. [R. 404; R. 403.] Consistent with local practice, Judge Atkins reviewed the motions and ultimately recommends that the Court deny Mr. Pedro's motions entirely.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Martin Pedro filed timely objections on March 6, 2018. [R. 406.] However, rather than identifying specific issues from the Magistrate Judge's Recommendation, Mr. Pedro merely restates his initial arguments. [*Compare* R. 406 *with* R. 404.] The Court acknowledges its duty to review Mr. Pedro's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). However, even under this more lenient construction, these objections are not sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). Never the less, the Court has reviewed the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Pedro's objections will be **OVERRULED**.

**I**

Mr. Pedro was indicted on October 18, 2007, for the assault of federal officers. [R. 1.] This indictment was twice superseded [R. 96], and Mr. Pedro's case proceeded to trial. [R. 191.] A jury found him guilty of aiding and abetting the assault of a federal officer. [R. 199.] He was sentenced before this Court on September 24, 2008, to 175 months, to be served consecutive to his previous state and federal sentences. [R. 259; R. 262.]

On October 8, 2008, Mr. Pedro filed a timely notice of appeal. [R. 268.] The Sixth Circuit affirmed his conviction. [R. 291.] Almost exactly a year after the Sixth Circuit decision, Mr. Pedro filed a motion to vacate pursuant to 28 U.S.C. § 2255. [R. 303.] This petition was ultimately dismissed and a certificate of appealability was denied on September 30, 2015. [R. 356.] Subsequently, he filed a motion to amend alter or vacate that judgment [R. 361] and a

notice of appeal [R. 364]. The Court granted his motion in part [R. 368], an attorney was appointed [R. 372], and an evidentiary hearing was held on August 15, 2016 [R. 391]. After taking the issues under advisement, the Court denied all of Mr. Pedro's pending motions, including his request for a certificate of appealability. [R. 394.] Mr. Pedro then filed another appeal. [R. 395.] The Sixth Circuit treated this appeal as a motion for a certificate of appealability, denied that motion, and dismissed Mr. Pedro's case. [R. 401.] He petitioned for rehearing, which was also denied. [R. 402.]

Four months later, Mr. Pedro filed two motions: a "Motion for Equitable Relief" requesting permission to file his Rule 60(b) motion out of time [R. 403] and a "Motion for Relief from Judgment or Order Pursuant to FRCP Rule 60(b)(1) and (4)" requesting relief from this Court's denial of his § 2255 petition [R. 356; R. 357] and this Court's denial of his first Rule 60 motion and request for certificate of appealability [R. 394]. [R. 403; R. 404.]

**II**

Judge Atkins reviewed these motions and recommends denying both of them. [R. 405.] A Rule 60(b)(1)–(3) motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pro. 60(c). Mr. Pedro challenges orders and judgments entered on September 30, 2015, and September 21, 2016. [R. 356; R. 357; R. 394.] He did not file his Rule 60(b) motion until February 8, 2018. [R. 404.] Relief he requests under Rule 60(b)(1) is therefore, unfortunately, blocked by this limitation.

Mr. Pedro also requested relief under Rule 60(b)(4), claiming the judgment is void. [R. 404.] Though not barred by the one-year limitation, this claim must also have been made "within a reasonable time." Fed. R. Civ. Pro. 60(c). His motion for leave to file addresses his delay in filing, citing to injuries and complications from surgery. [R. 403.] Regardless of

3

whether his motion was filed within a reasonable time, as Judge Atkins identifies, Mr. Pedro has not established why the judgment is void, but instead has attempted, again, to litigate his § 2255 petition. [R. 405.] As this Court has already denied Mr. Pedro's first petition, the Court has no jurisdiction to hear successive petitions. 28 U.S.C. § 2244(b)(3). Instead, this Court must transfer Mr. Pedro's petition to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins's Recommendation. Mr. Pedro's request for relief must be construed as a subsequent § 2255 petition. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Petitioner Martin Pedro's Objections to the Recommended Disposition [**R. 406**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 405**] is **ADOPTED** as and for the Opinion of this Court;

3. Defendant/Petitioner Martin Pedro's Motion for Relief from Judgment or Order Pursuant to FRCP Rule 60 [**R. 404**] **SHALL BE CONSTRUED** as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255;

4. Defendant/Petitioner Martin Pedro's Motion to Invoke Equitable Relief [**R. 403**] is **DENIED AS MOOT**;

5. Defendant/Petitioner Martin Pedro's Petition [**R. 404**] **SHALL BE TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether the Petitioner will be granted authorization to file a

second or successive habeas petition; and

      6.     This matter is **STRICKEN** from the Court's active docket.

This the 15th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge